Diamond
FD
18-4948

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM )*

## I. (a) PLAINTIFFS

Z G , by and through her parent, A.G., and A.G and Z G individually

## DEFENDANTS

18   4948

Mastery Charter School; Omar Harrison; Scott Gordon; and John Does 1-10

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U S  PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U S  PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name Address, and Telephone Number)*

Zachary Meinen, Montgomery Law, LLC, 1420 Locust St., Suite 420, Philadelphia, PA 19102, p:215-650-7563

Attorneys *(If Known)*

Athena Pappas, Deasey Mahoney and Velentini, 1601 Market St. Suite 3400, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U S  Government Plaintiff | ☒ 3  Federal Question *(U S  Government Not a Party)* |
| ☐ 2  U S  Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an  X  in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for  Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury · | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 355 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | Product Liability | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | Injury | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U S  Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS —Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer  w/Disabilities - | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | ☐ 446 Amer  w/Disabilities - | **Other:** | ☐ 462 Naturalization Application | | |
| | Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U S  Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. §1983; 20 U.S.C. § 1681, 29 U.S.C. § 794; 42 U.S.C. § 12131

Brief description of cause
Student, Z.G., was raped and sexually assaulted/harrassed by Dean of Mastery Charter School

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R C v P

DEMAND $
In Excess of $150,000 °°

CHECK YES only if demanded in complaint
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE                                      DOCKET NUMBER

NOV 15 2018

DATE
11/15/2018

SIGNATURE OF ATTORNEY OF RECORD

# 319861

## FOR OFFICE USE ONLY

RECEIPT #         AMOUNT              APPLYING IFP              JUDGE              MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM

**18    4948**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _ _ _ _ 309 E. Ashdale Street, Philadelphia, PA 19120 _ _ _ _ _

Address of Defendant: _ _ _ _ 5700 Wayne Avenue, Philadelphia, PA 19144 _ _ _ _

Place of Accident, Incident or Transaction: Mastery Charter School, 5601 Christian St, Philadelphia, PA 19143

---

*RELATED CASE, IF ANY:*

Case Number: _ _ _ _ Judge: _ _ _ _ Date Terminated _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 11/15/2018 _ _ _ _                          319861

*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify)* _ _ _ _ _

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)* _ _ _
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify)* _ _ _ _ _ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Zachary Meinen _ _, counsel of record *or* pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

NOV 15 2018

DATE 11/15/2018 _ _ _ _                          319861

*Attorney-at-Law / Pro Se Plaintiff*                *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

#400    PD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Z.G. by and through her Parent, A.G.., and A.G. and Z.G., individually, | : | **18    4948** |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| MASTERY CHARTER SCHOOL; OMAR HARRISON; SCOTT GORDON; and JOHN DOES 1-10. | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendants. | : | |

---

## COMPLAINT

Plaintiffs, Z.G., a minor, by and through her Parent, A.G. ("Parent"), and Parent, in her own right, for their causes of action against Defendants, allege and state as follows:

## INTRODUCTION

1. This action is brought by a minor female student with disabilities and her Parent under 42 U.S.C. §1983, Title IX of the Education Act of 1972 ("Title IX"), 20 U.S.C. § 1681, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("Section 504"), and the American with Disabilities Act, 42 U.S.C. § 12131 et seq. ("ADA"), along with relevant state law claims.

1

## PARTIES

2. Plaintiff Z.G. is a resident of the Commonwealth of Pennsylvania. Z.G. is a minor, under the age of 18, and she is diagnosed as having Oppositional Defiant Disorder (ODD), Attention Deficit Disorder - Combined Type (ADHD), Academic Disfluency and depression. During the relevant period, Z.G. was enrolled as a student at Mastery Charter School at the Harriety campus ("Mastery" or "the school"). Mastery was the local education agency responsible for providing education and related services to Z.G..

3. A.G. is the parent and legal guardian of Z.G., residing with Z.G. in the Commonwealth of Pennsylvania.

4. Mastery Charter School is a public charter school with several locations in Philadelphia, Pennsylvania and Camden, New Jersey, and, according to their website, serves 14,000 students. Mastery Charter School has a central office located at 5700 Wayne Avenue, Philadelphia, Pennsylvania 19144. Mastery is a federal fund recipient.

5. Scott Gordon is an adult residing within the Commonwealth of Pennsylvania, who at all times relevant alleged herein, served as Chief Executive Officer ("CEO") of Mastery Charter.

6. Omar Harrison is an adult residing within the Commonwealth of Pennsylvania, who at all times relevant alleged herein, served as Dean of Hariety Elementary for Mastery Charter. Omar Harrison is currently awaiting sentencing for multiple sex crimes committed against Z.G..

2

7.  John Does 1-10 are individual agents or employees of Mastery Charter who participated in supervision of employees, training of staff, implementation of policy, and/or had knowledge of and/or participated in the sexual assault and rape of Z.G..

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1331 and 1343. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over state law claims.

9.  Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) as all Defendants reside, or resided in this District, and all events giving rise to the claims occurred in this District.

## FACTS

10. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

11. Omar Harrison was hired to be a Dean at Mastery Charter in approximately 2015.

12. Prior to being hired Omar Harrison had a criminal record including jail time in 2013 for being found guilty of possession of an instrument of crime with intent (18 § 907 §§A), and recklessly endangering another person (18 § 2705). Harrison was also charged with a DUI in 2014 which was dismissed for lack of prosecution.

13. Mastery, CEO Gordon, and HR staff were either aware of Harrison's record upon his hiring, or had access to his record, and Harrison was still on probation while working for Mastery.

14. Harrison had a reputation at Mastery as an individual who had various open sexual relationships with multiple staff members and students' parents.

15. Not only did Harrison target colleagues and parents, he also solicited sex from his middle school students.

16. Starting in early 2017, over the course of several months, Harrison used various tactics to seduce Z.G., a student at his school, into sexual intercourse with him.

17. Harrison used school property, computer and phone, to show Z.G. pictures of girls in bikinis, naked women, and send naked pictures of himself.

18. At the time Harrison began his "relationship" with Z.G., Z.G. was only 14 years old.

19. At all times relevant to this complaint Z.G. was under the age of consent in Pennsylvania and approximately 28 years younger than Harrison.

20. Harrison performed many of his perverse acts on school grounds, in areas that several other staff members had access to and during school hours.

21. Upon information and belief, multiple staff members were aware of the inappropriate relationship cultivated between Harrison and Z.G., and no one reported the relationship.

22. Upon information and belief, those staff that learned of Harrison's inappropriate acts with Z.G. took affirmative action to conceal these acts.

23. Upon information and belief, Mastery staff were aware that Harrison was using Mastery internet, phone, and computers to send, show, and receive pornography to and from minors.

24. All Mastery personnel with knowledge of Harrison's actions participated in intentionally covering up his affairs.

25. All Mastery staff and Harrison were aware that the failure to report illegal sexual acts with a minor and the proliferation of such acts was illegal and subject to mandated

4

reporter requirements. Nonetheless, those with knowledge of the illegal acts, intentionally and/or with gross disregard for the safety of Z.G. were deliberately indifferent to the abuse and/or intentionally participated therein.

26. Harrison used a social media account on Instagram, **@grindhard_playharder75**, to send Z.G. naked pictures while requesting and receiving naked pictures from Z.G.. All defendants were aware that Harrison used social media to connect with students. Harrison initiated the connections or "friendships" on social media.

27. Harrison often drove Z.G. to and from school. Staff at Mastery were well aware of this arrangement.

28. Harrison was often drinking alcohol while driving Z.G.. School staff should have been on notice that this was a possibility due to Harrison's previous arrest for driving under the influence.

29. Harrison taught a boxing class after school – which was mostly girls. Z.G. was in this program.

30. On multiple occasions during school hours, Harrison requested Z.G. to have sex with a female friend - another student - and let him watch.

31. Upon information and belief, other defendants all had access and control over the modes of communication which Harrison used to illegally distribute pornography to Z.G. and secure nude pictures of minors.

32. Upon information and belief, these inappropriate communications were stored and easily accessible and actually accessed by Mastery staff.

33. Upon information and belief, defendants were aware that Harrison was driving Z.G. to and from school, and crossing professional boundaries into Z.G.'s personal life.

34. Harrison initiated physical contact with Z.G. - and other students - such as excessive hugging and other inappropriate behavior.

35. Harrison often made inappropriate comments towards Z.G., such as commenting on her butt, and, upon information and belief he openly made sexual comments to or about other students and/or adult women in the building.

36. Harrison told Z.G. that among the reasons he "chose" her for this relationship was because she wouldn't "leak water," meaning she could keep a secret.

37. Harrison had the opportunity to get close to Z.G. during counseling sessions that were a part of her IEP.

38. Harrison's predatory behaviors on campus towards other students and staff was open and notorious.

39. Harrison did little to hide his sexual proclivities, and most of his inappropriate and blatantly illegal actions occurred on school grounds, with school devices, during school hours, and/or should have been easily detected.

40. Z.G. has described at least one such time where Harrison and Z.G. were in his office, Harrison attempting to seduce Z.G. through computer pictures and prodding, and another staff member walked in. Upon information and belief, this staff member easily detected and should have intervened in what was occurring between these individuals.

41. Harrison was often behind closed doors - alone - with Z.G. and this was known by other staff members.

42. Upon information and belief, Harrison was caught by several staff members while showing Z.G. sexually explicit material or attempting to seduce the young teen.

43. Upon information and belief, Mastery and other individual defendants had actual notice of Harrison's internet history including searches for pornography, and staff knew that Harrison often used his computer to show students images/content from the internet during office sessions.

44. Upon information and belief, Harrison targeted Z.G. because she was a vulnerable child with emotional/behavioral disabilities. Upon information and belief, all defendants knew that Z.G. was a vulnerable child and her history of trauma is well documented.

45. Defendants were aware that Z.G. required additional supervision and emotional support that was never provided to her.

46. Z.G. reports that she went through a period of significant emotional issues which she sought adult help for. Because of this, Z.G. spent many days in Harrison's office behind closed doors when her needs should have been addressed by a qualified counselor.

47. Z.G. was a student with an individualized education plan ("IEP"), which put in place several supports and services purportedly designed to accommodate Z.G.'s disability. One of these related services was to provide Z.G. access to a "case manager" or other "trusted adult" to deal with emotional, social, or behavioral issues

48. Z.G. has received School Therapeutic Services and mobile therapy.

49. A few months prior to Harrison beginning his seduction of Z.G., Z.G. was hospitalized at a psychiatric facility.

50. On or before June 12, 2017 Harrison began plotting his plan to rape Z.G. He did so by
    telling her he had a surprise of some sort and he wanted to bring her somewhere.

51. He set up a rendezvous and canceled the after school program, so Z.G.'s parent would
    assume she was still at the after school program.

52. Harrison was intoxicated and drove Z.G. to a motel near the Philadelphia airport. While
    in the car Harrison touched Z.G. sexually and showed her nude pictures. Once at the
    airport motel, Harrison raped Z.G..

53. Additionally, Harrison and Z.G. participated in oral sex.

54. Upon information and belief, Mastery and staff were aware that Harrison abruptly
    canceled boxing on the date of the rape. No parents were notified.

55. After the rape, Harrison was not immediately apprehended. He continued his relationship
    with Z.G., making several attempts to solicit follow-up sexual rendezvous with the young
    teenager. Harrison had another rendezvous planned for after 8th grade graduation.

56. With even the most minimal effort Harrison could have been stopped or investigated, but
    Mastery and staff were deliberately indifferent to Harrison and Z.G.'s increasingly
    inappropriate relationship.

57. Ultimately, Parent became suspicious and found several incriminating messages on Z.G.'s
    phone that were clearly laying out plans for additional sexual excursions.

58. Parent immediately reported the incident to police, and Harrison was arrested.

59. This was not Z.G.'s first experience with sexual trauma. At the age of approximately 8
    years old, Z.G. was molested by an older family member.

60. Joseph J. Peters Institute (JJPI) was involved after this incident when Z.G. was 8, and Mastery had available to them the documentation of treatment regarding this incident. Mastery had actual knowledge that Z.G. was a student that required a higher level of supervision and professional emotional support.

61. Harrison was not a qualified mental health professional who could work with students with extreme traumatic issues.

62. Harrison was not a "trusted adult" that Z.G.'s IEP required.

63. After the 2017 incident, Z.G. spent significant time out of school, totaling over a month of instructional time lost.

64. Because of the trauma related to the assault and harassment, Z.G. attends group and individual therapy at JJPI.

65. Z.G. experienced intense bullying and teasing related to the sexual acts with Harrison by fellow schoolmates. This prompted Z.G. to require a very restrictive one-on-one aid in school setting for safety. The environment was so severely inappropriate that Z.G. was eventually removed and is now seeking placement outside of Mastery Charter.

66. The bullying and harassment that followed the incident extended beyond schoolmates. Z.G. and A.G. also received threatening messages from family members of Harrison for seeking criminal charges against him.

67. Harrison faced multiple charges against him including multiple felonies. The charges included: Statutory Sexual Assault: 11 years older, two counts of IDSI Person Less Than 16 Years Old, School - Intercourse/Sexual Contact with Student, Indecent Assault Person Less Than 16 years old, Corruption of Minors, and Sexual Assault. The original charges

9

included three class one felonies, one class two felony, two class three felonies, and a
class two misdemeanor.

68. After a trial in front of a Jury, Harrison was found guilty of Statutory Sexual Assault;
    two counts of Indecent Sexual Intercourse with a Person Less Than 16 Years of Age;
    Institutional Sexual Assault; Indecent Assault; and Corruption of Minors.

69. A.G. also suffers from posttraumatic stress resulting from the rape of her daughter. A.G.
    attempted suicide the day after finding out about the rape. A.G. is also seeking trauma
    therapy related to the incidents at Mastery. A.G. has experienced severe and permanent
    psychological damages.

70. Both A.G. and Z.G. have sustained permanent damage that will require therapy/treatment
    for many years following the incident.

71. All Defendants acted knowingly, improperly and with deliberate indifference with respect
    to the violations of Plaintiffs' rights under Section 504, ADA, Title IX, Pennsylvania
    State law, and the U.S. Constitution.

72. Defendants' actions described herein were taken in accordance with a custom, policy,
    and/or practice of the Charter School.

73. All Defendants' conduct was carried out willfully and wantonly and/or with reckless
    disregard of Plaintiffs' rights and feelings.

74. In their actions and omissions complained of here, all of the named defendants proceeded
    under color of state law to cause the deprivation of Plaintiffs' federally protected rights
    and resulting injuries.

75. The Constitutional and statutory rights violated by the Defendants were clearly established at the time of such violations, and each Defendant knew or should have known that his/her/its actions were violating Plaintiffs' rights as described herein.

76. All Defendants' conduct was so obviously violative of Plaintiffs' rights, and Plaintiffs' resulting damages so severe, that it shocks the conscience.

77. All harm to Plaintiffs was foreseeable and a direct result of the violations by Defendants described herein.

78. Harrison and Gordon are both policy making or supervisory individuals.

## COUNT I - 20 U.S.C. § 1681

## TITLE IX OF THE EDUCATION ACT OF 1972

79. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

80. Mastery Charter School is public school that receives federal financial assistance, and is subject to the applicability of Title IX of the Education Act of 1972, 20 U.S.C. § 1681 ("Title IX").

81. Z.G. was a student at Mastery Charter School. As such, Z.G. was a member of a protected class under Title IX.

82. Defendants Gordon, Harrison, and Does 1-10, were all employees of Mastery Charter School and all were vested with power, duty, and authority to address the discrimination and abuse described herein. All defendants had power and authority to have instituted corrective measures on Plaintiffs' behalf.

83. Harrison had actual knowledge of his various acts of sexual harassment, assault and rape of Z.G..

11

84. All individual defendants and other supervisory staff at Mastery Charter had actual notice and knowledge of the abuse and harassment and/or actual knowledge of a substantial risk of of abuse.

85. Harrison never instituted corrective measures after actual knowledge that his own actions were in violation of student's Title IX protections from sexual abuse.

86. None of the other individual defendants, or any other school officials, instituted corrective measures upon notice of discrimination and abuse of Z.G..

87. School Officials  had actual knowledge of the improper relationships Harrison had with Z.G. and other students during his employment as Dean with Mastery Charter.

88. The type, frequency and duration of the harassment and sexual assaults endured by Z.G. detrimentally affected Z.G.'s education, her relationship with peers, her relationship with adults, including her parent, and led to an extremely hostile environment at school.

89. The conduct alleged herein detracted from Z.G.'s educational experience in that she was denied equal access to the school's resources and educational opportunities.

90. The conduct by school officials described herein deprived Z.G. from accessing the full educational benefits and other opportunities provided by Mastery because the discrimination, harassment, sexual assault, and rape had a devastatingly adverse effect on Z.G.'s ability to perform academically, socially, emotionally, and to otherwise be a fully participating member in the school community.

91. Defendants' acts and omissions as alleged herein constitute deliberate indifference to Z.G.'s rights and safety, and such deliberate indifference caused Z.G.'s harm alleged herein.

92. Z.G. and A.G. have sustained permanent and severe psychological damage as a result of the violations described herein.

### COUNT II - 42 U.S.C. §1983 FAILURE TO TRAIN AND SUPERVISE

93. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

94. Under the Fourteenth Amendment to the United States Constitution, Z.G. had the right, as a public school student in the care of Mastery Charter, to personal security, bodily integrity and Equal Protection under the law.

95. The Individually Named Defendants are all state actors and/or were acting under color of law.

96. At public middle schools and high schools, including schools operated by Mastery Charter, sexual harassment and assault is a serious and prevalent problem that requires a level of training and preparation commensurate to the harm such conduct causes to victims and the entire school community.

97. Due to Defendants' deliberate indifference towards the obvious harms associated with prevalent sexual assault and harassment, Defendants' created and maintained a policy of inadequate training and supervision to address the serious problems that could lead to foreseeable sexual assault or harassment of students.

98. Z.G., as a student who has experienced historical sexual trauma and has intensified social and emotional needs, was more likely to experience future traumatic experiences such as additional sexual assault and harassment.

99. Due to Defendants' deliberate indifference towards the obvious harms that could re-occur to students with certain emotional needs, they created and maintained a policy of

13

inadequate training and supervision commensurate with the likelihood and level of harm that these students, such as Z.G., could encounter.

100.    Mastery had policy, customs, and practices that were inadequate to address and supervise illegal activity of employees using the internet and computers on school grounds.

101.    Mastery had policy, customs, and practices that were inadequate to appropriately regulate, ban, or supervise the relationships between staff and students on social media.

102.    Mastery had policy, customs, and practices that were inadequate to monitor and control staff and students relationships outside of school including transportation policy that allowed minor students to travel unsupervised with an adult, without parental consent.

103.    Mastery had an "open door" policy that allowed students to inappropriately interact with any adult in the building.

104.    Mastery had policy, customs, and practices that were inadequate to develop programming and emotional support for vulnerable students.

105.    Mastery had policy, customs, and practices that were inadequate to effectuate appropriate reporting of potential sexual abuse or sexual harassment.

106.    Staff at Mastery, including Harrison, were not properly screened prior to hiring.

107.    Staff at Mastery, including Harrison, were not appropriately trained on establishing appropriate boundaries with students.

108.    Staff at Mastery, including Harrison, were not appropriately trained on appropriate internet usage.

14

109.    Staff at Mastery, including Harrison, never received adequate training to identify signs of sexual harassment or sexual abuse of children.

110.    Staff at Mastery, including Harrison, were not appropriately trained on reporting sexual harassment or potential sexual harassment.

111.    Staff at Mastery including Harrison, were not appropriately trained to address students with extensive behavioral, social, or emotional needs.

112.    The inadequate policies and training maintained by Mastery directly lead to and were closely related to the continuous sexual harassment of Z.G. and her rape.

113.    As a result of the continuous sexual harassment and assault of Z.G., Z.G. has incurred extensive damages.

## COUNT III - 42 U.S.C. §1983 STATE CREATED HARM

114.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

115.    Under the Fourteenth Amendment of the United States Constitution, Z.G. had the right, as a public school student, to personal security, bodily integrity and Equal Protection under the law.

116.    The Defendants are all state actors and/or were acting under color of law.

117.    Defendants' actions and omissions detailed herein violated Plaintiff, Z.G.'s rights under the Fourteenth Amendment to the United States Constitution.

118.    Z.G.'s sexual assault was both foreseeable and preventable.

119.    The severe bullying that followed the sexual assault was also foreseeable and preventable.

120.   It was not reasonable for Defendants to place an emotionally vulnerable child with an untrained Dean behind closed doors, with unfettered access to internet.

121.   It was not reasonable for Defendants to ignore historical sexual abuse of Z.G. and omit a provision of restorative or therapeutic services. Z.G. was an extremely vulnerable individual.

122.   It was not reasonable to place Z.G. in the direct line of harm, with Harrison, a known sexual deviate, and cover up obvious red flags of sexual harassment and assault.

123.   Z.G. faced an almost inevitable risk of abuse, and Defendants took no action to prevent it. In fact, Defendants directly participated in the abuse.

124.   Defendants acted intentionally or with deliberate indifference.

125.   Defendants action and/or inaction shocks the conscience of a reasonable person.

126.   Plaintiffs have suffered severe and permanent psychological damage and emotional distress as a direct and proximate result of defendants' actions/inactions in violation of Z.G.'s rights.

127.   All named defendants are sued in their individual and official capacities.

### COUNT IV - SECTION 504 AND ADA DISABILITY HARASSMENT

128.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

129.   Defendant Harrison physically and sexually abused/harassed Z.G. over the course of several months, and all Defendants participated or acquiesced in such abuse.

130.   The abuse of Z.G. was occasioned by, and only possible because of, Z.G.'s disabilities and vulnerabilities caused by Z.G.'s disabilities.

131.   The abuse constitutes harassment on the basis of a disability.

16

132.    Each of the Defendants knew or should have known about the harassment.

133.    Due to the intentional harassment of Z.G., Plaintiff sustained actual damages.

134.    The violations complained of herein were obviously violative of Plaintiffs' rights, and
Plaintiffs' resulting damages so severe, that it shocks the conscience.

### COUNT V - ADA FAILURE TO ACCOMMODATE

135.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

136.    Under Title II of the ADA, no "qualified individual with a disability shall, by reason
of such disability, be excluded from participation in or be denied the benefits of services,
programs, or activities of a public entity, or be subjected to discrimination by such
entity." 42 U.S.C. Sec. 12132.

137.    Z.G. is a qualified individual with a disability.

138.    Defendants had knowledge of Z.G.'s disabilities and needs associated with those
disabilities.

139.    Defendants failed to provide the supervision, services, and programs to accommodate
Z.G.'s significant historical needs related to behavioral, emotional, and sexual trauma.

140.    Harrison and Gordon are both policy making or supervisory individuals.

141.    Z.G. was denied the benefits of the program by Defendants' intentional actions and
deliberate inaction.

142.    The failures include, failure to provide a "trusted individual," failure to provide
emotional and trauma support, failure to provide appropriate support staff or supervision,
failure to provide appropriate sexual education, failure to provide a safe and secure
environment, failure to provide an appropriate academic placement, failure to provide

17

sufficient social skills programming, failure to properly secure and supervise certain areas

of the building, failure to timely find alternative placement, failure to hire appropriately

trained staff, failure to take appropriate remedial action in response to instances of sexual

assault.

143.    These failures were all a result of and exacerbated the effects of Z.G.'s disability

related needs.

144.    The foregoing failures, taken individually and together, denied Z.G. access to the

benefits of her program and discriminated against her on the basis of her disability.

145.    Defendants acted in bad faith and/or with gross misjudgment by the behaviors

described above.

146.    Each individual defendant is sued in their official capacity.

## COUNT V - SEXUAL AND SIMPLE ASSAULT

### (all Defendants)

147.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

148.    Over the course of over half a year, Harrison performed multiple acts of sexual and

simple assault against Z.G. including unwanted touching, rubbing Z.G.'s leg, hugging,

and rape.

149.    Harrison requested naked pictures and showed Z.G. naked pictures of himself while

attempting to have sex with Z.G. and attempting to get Z.G. to have sex with other young

classmates for his viewing.

150.    Harrison fully penetrated Z.G. and raped her without consent. Z.G. reports this

causing her great pain.

18

151.    Harrison used his influence and power to force Z.G. into his perverse sexual acts.

152.    Harrison's actions were intentional with full knowledge that they were illegal. He

often prompted Z.G. to delete the more perverted messages he sent her and pictures.

153.    Harrison's assault, which was both sexual and simple, upon Z.G., was made possible

by the support and ratification of the other Defendants, all of whom share in the liability

thereof.

## COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Harrison, Gordon, and Does)

154.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

155.    Harrison sexually assaulted and harassed Z.G. over the course of several months.

156.    All other named defendants ratified and assisted Harrison in securing access to Z.G.

after they knew or should have known of his predatory behavior.

157.    The assault and harassment by Harrison upon Z.G. in fact did great emotional distress

and harm upon Z.G. in violation of her right under state law to be free of such unlawful

assault.

## COUNT VII - NEGLIGENCE PER SE

### (Harrison, Gordon, and Does)

158.    Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

159.    Defendants owed Z.G. a duty of care during the relevant time period that she attended

Mastery.

160.    The Defendants' duty of care described herein is, in part, regulated by Pennsylvania

law regarding the welfare of minors and mandated reporting.

19

161.   The Defendants' violation of these relevant legal statutes constitutes *per se* negligence.

162.   Defendants failed their duty of care owed to Z.G. by failing to respond to, report, and prevent foreseeable harm.

163.   The Defendants' failures were the proximate cause of the injuries to Plaintiffs.

164.   Plaintiffs have sustained actual damages.

## COUNT VIII - BREACH OF FIDUCIARY DUTY

### (Harrison, Gordon, and Does)

165.   Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

166.   A fiduciary relationship exists between the named defendants and Plaintiff, Z.G., as the individuals hold overmastering influence over dependent Z.G..

167.   As part of their fiduciary relationship, the named Defendants had an obligation to act in the best interest of Z.G., including but not limited to, ensuring Z.G.'s safety and responding appropriately to clear and present dangers.

168.   The named Defendants intentionally breached their fiduciary duty by their failures as they relate to the sexual assault and harassment of Z.G..

169.   The breach was wanton and in reckless disregard to Z.G.'s safety.

170.   The breach has led to foreseeable and actual damages.

171.   Defendants are sued in their individual and official capacities.

## REQUEST FOR RELIEF

172.    WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages

against the named Defendants, together with court costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiffs request a jury trial on all issues so capable of being tried.


Respectfully submitted,

MONTGOMERY LAW, LLC


BY: _____

Zachary Meinen, Esq.
Joseph W. Montgomery, Esq.
1420 Locust St., Suite 420
Philadelphia, PA 19102
215-650-7563
zach@ed-law.com
Attorneys for Plaintiffs

21